UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARNAL SINGH, also known as JARNAIL SINGH,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, et al.,<br><br>Respondents. | CASE NO.  C08-1083-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jarnal Singh, a.k.a., Jarnail Singh, is a native and citizen of India who is being detained by the United States Immigration and Customs Enforcement ("ICE").  On July 17, 2008, he filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the statutory and constitutional authority of ICE to detain him any further due to the unlikelihood of his removal from the United States in the reasonably foreseeable future.  (Dkt. 1, Attach. 2).[1]  Petitioner requests that he be released from custody pending his removal from the

---

[1] This is the second habeas petition petitioner's has filed in this Court challenging his continued detention.  *See Singh v. Clark*, 08-11-RSL-MAT (dismissed May 19, 2008).

REPORT AND RECOMMENDATION
PAGE – 1

United States.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

On January 10, 2007, petitioner was apprehended by the United States Bureau of Customs and Border Protection in Lynden, Washington, after he illegally crossed the border into the United States. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at R78, L25-26). Petitioner was served with a Notice to Appear, charging him with removability from the United States under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present in the United States without being admitted or paroled. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L21-22). ICE issued a Warrant for Arrest of Alien and a Notice of Custody Determination, setting bond in the amount of $50,000. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L16-17). Petitioner filed a motion for bond redetermination hearing before an Immigration Judge ("IJ"), requesting that the IJ release him on his own recognizance or, in the alternative, reduce his bond to $1500. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L29-37). On March 27, 2007, an IJ reduced petitioner's bond to $30,000. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L40).

On June 25, 2007, the IJ denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to India.[2] (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L233). Petitioner appealed the IJ's order of removal to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on

---

[2]Petitioner's removal hearing was initially scheduled for February 15, 2007, and was continued three times to allow petitioner time to obtain counsel. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L312-329). Petitioner ultimately proceeded pro se on March 19, 2007. (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L303-311).

REPORT AND RECOMMENDATION
PAGE – 2

November 23, 2007.  (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 10 at L375-77).  On December 20, 2007, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a motion for stay of removal.  *Singh v. Mukasey*, No. 07-74959 (9th Cir. 2008).  Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay to automatically issue.

On January 4, 2008, petitioner filed his first habeas petition in this Court, challenging his detention pending the resolution of his Petition for Review.  (*Singh v. Clark*, 08-11-RSL-MAT, Dkt. 4).  On February 15, 2008, however, petitioner filed a motion for voluntary dismissal of his Petition for Review in the Ninth Circuit.  The Ninth Circuit granted petitioner's motion for voluntary dismissal and the mandate issued on March 14, 2008.  *See Singh*, No. 07-74959.

On April 22, 2008, the Honorable Mary Alice Theiler issued a Report and Recommendation, recommending that petitioner's first habeas petition be dismissed because petitioner was lawfully detained in the "removal period."  *See Singh v. Clark*, 08-11-RSL-MAT, Dkt. 11.  On May 19, 2008, the Honorable Robert S. Lasnik issued an Order adopting the Report and Recommendation and dismissing petitioner's first habeas petition.  See *Singh v. Clark*, 08-11-RSL-MAT, Dkts. 12 and 13.

On July 17, 2008, petitioner filed the instant habeas petition, challenging his continued detention.  (Dkt. 1).

### III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'"  *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002));  INA § 241(a)(1)(A),

REPORT AND RECOMMENDATION
PAGE – 3

8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of the following:

    (i) The date the order of removal becomes administratively final.

    (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B) (emphasis added); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement.").  During the removal period, continued detention is statutorily required.  INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  The statute further permits detention beyond the removal period where removal cannot be accomplished within ninety days.  INA § 241(a)(6) provides:

> An alien ordered removed who is inadmissable under section 1182 of this title, removable under section 1227(a)(1)(C), 1227 (a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

    In *Zadvydas*, the Supreme Court held that this post removal period detention statute, INA § 241(a)(6), does not permit indefinite detention, but "implicitly limits an alien's [post removal period] detention to a period reasonably necessary to bring about the alien's removal from the United States."  *Zadvydas*, 121 S. Ct. at 2498.  In determining what is a reasonable

REPORT AND RECOMMENDATION
PAGE – 4

removal period, the Court adopted "for the sake of uniform administration in the federal courts," *id.* at 2505, a "presumptively reasonable period of detention" of six months. *Id.* After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner meets this burden, the government must respond with evidence sufficient to rebut that showing. *Id.*

In the present case, the Ninth Circuit granted petitioner's motion for voluntary dismissal and the mandate issued the on March 14, 2008, thereby commencing the removal period. *See Singh*, No. 07-74959; INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period expired on or about June 14, 2008, and the six-month presumptively reasonable removal period will expire on or about September 14, 2008. Because petitioner seeks release prior to the expiration of the presumptive six-month period, his claims under *Zadvydas* are unripe for federal review. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*.").

Accordingly, I recommend that petitioner's habeas petition be dismissed without prejudice. Should petitioner's detention continue past the six-month removal period, he may challenge his detention by filing a new habeas petition.

//

//

//

//

REPORT AND RECOMMENDATION
PAGE – 5

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition be DENIED, and that this matter be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 21st day of July, 2008.

_/s/ James P. Donohue_
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6